Commonwealth ex rel. Lagana, Appellant, *v.*
Burke.

Argued November 19, 1952.    Before STERN C. J.,
STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*H. R. Back,* with him *H. Jerome Jaspan* and *Back
& Levy,* for appellant.

*Samuel Dash,* Assistant District Attorney, with him
*Michael von Moschzisker,* First Assistant District At-
torney and *Richardson Dilworth,* District Attorney, for
appellee.

OPINION BY MR. JUSTICE MUSMANNO, January 5, 1953:

When on May 9, 1940, John Lagana came to trial in Philadelphia County on an indictment for murder, he pleaded guilty and three judges then heard the evidence to determine the degree of guilt and fix the penalty.

The defendant took the stand and narrated the details of an emotionless and coolly calculated crime, brutal in its execution and fatal in its consequences. With an accomplice he entered the apartment of an elderly housekeeper, who had opened the door to his ring, and proceeded at once to render her helpless by binding and gagging her. After ransacking the apartment and finding no valuables, the two desperadoes departed without first having unbound the woman. The age and sex of the victim were such that the robbers did not need to anticipate physical resistance, nor is it likely that she could have raised a sufficient outcry to thwart their escape.

The circumstances would justify the inference that the failure of the two men to release their victim was the result of their anger in having to leave the house without loot. The housekeeper died from suffocation and strangulation.

The judges fixed the degree of murder at first degree and set the penalty at life imprisonment.

Twelve years later the defendant John Lagana filed a petition for a writ of habeas corpus alleging that his plea of guilty could support only a conviction of second degree murder and that the Commonwealth had not produced sufficient evidence to raise the crime to first degree murder. The lower court dismissed the petition and Lagana appealed to this Court.

Without giving sanction to the proposition that a writ of habeas corpus can be used for the purpose here

intended by the defendant-appellant, we will quickly show that there is no merit whatsoever in his contention that since the indictment failed to state that the taking of life was accomplished in the perpetration of a robbery, the Court could not supply from the testimony that missing ingredient.

The Act of March 31, 1860, P.L. 427, sec. 20, 19 P.S. 351, provides: "In any indictment for murder . . . it shall not be necessary to set forth the manner in which, or the means by which the death of the deceased was caused, *but it shall be sufficient, in every indictment for murder, to charge that the defendant did feloniously, wilfully, and of his malice aforethought, kill and murder the deceased. . . ."*

Thus, in a case like the one at bar the Commonwealth may not be precluded from proving that the murder with which a defendant stands charged was one committed during the perpetration of a robbery, even though robbery is not mentioned in the indictment.

The appellant assumes that the case of *Johnson v. Commonwealth,* 24 Pa. 386, provides an opening in the law through which he can escape from the sentence of life imprisonment. But that case represents a completely different set of circumstances. There the jury returned a verdict of guilty "in the manner and form as he stands indicted." The jury thus made the indictment part of the verdict. As an indictment for murder supposes second degree murder unless the Commonwealth with appropriate evidence raises the degree to first degree murder, and since the jury did not specifically indicate first degree murder, it was held that the defendant's guilt could only legally be set at second degree murder. But in the case at bar, the Court specifically found the defendant guilty of *first degree murder.*

Even if, however, *Johnson v. Commonwealth* were not formidable enough in authority and reason to hold the appellant in prison, that decision has been strengthened and fortified by other decisions and notably *Commonwealth v. Bruno,* 316 Pa. 394, 175 A. 518, which conclusively bars the appellant from his contended-for release. In that case the indictment charged the defendant with murder committed during the perpetration of arson. Upon conviction and appeal this Court said: "Where murder is committed in the perpetration of a felony, the perpetration of such felony need not be set forth in the indictment. . . . Accordingly, that portion of this indictment which sets forth arson may be considered surplusage and so may be disregarded."

It was thus not only not necessary in the indictment under discussion to declare how the murder was committed but such description could have been regarded as surplusage. Once the defendant was charged with murder, this Court said in the Bruno case, "the Commonwealth was at the trial required to do no more than show the elements of murder provided for in the Act of 1860, in order to invoke the penalty imposed by that act."

But the appellant urges here that even if the Commonwealth was not prevented from showing that the murder was one committed during a robbery, it did not in fact produce sufficient evidence to prove that such was the case. This argument was already answered by the defendant twelve years before when he took the stand and described in grim detail how he entered the house with his accomplice and how they bound and gagged the decedent to the point of strangulation. The defendant's own story was an open confession in open court.

We dismiss without discussion the contention that the Commonwealth was required to establish the corpus

delicti before the appellant's testimony was admissible. The corpus delicti *was* established.

The order dismissing the petition for writ of habeas corpus and refusing the writ is hereby affirmed.