Commonwealth ex rel. Lagana, Appellant, *v.* Day.

Argued April 30, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*I. M. Czap,* with him *John Lagana,* in propria persona, for appellant.

*Francis A. Biunno,* Assistant District Attorney, with him *Christopher F. Edley, Jerome B. Appel,* and *Victor Wright,* Assistant District Attorneys, *James N. Lafferty,* Deputy District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY MR. JUSTICE BELL, May 25, 1956:

On May 9, 1940, petitioner pleaded guilty to a bill of indictment charging him with murder. Three Judges found him guilty of murder and sentenced him to life imprisonment. The Commonwealth proved that petitioner and two co-defendants conspired to rob one John S. Morrison; that they went to his apartment and tied and gagged Morrison's housekeeper, who died of strangulation.

Petitioner contended that his plea of guilty could not sustain a conviction of a crime greater than second degree murder and that a confession alone is insufficient to establish the corpus delicti. Similar, if not the same, contentions in different language were made by petitioner in 1951 and were rejected by this Court in *Commonwealth ex rel. Lagana v. Burke*, 372 Pa. 298, 93 A. 2d 478. In that case this Court decided that the killing occurred in an attempt to perpetrate a robbery and that the evidence was sufficient to prove Lagana guilty of murder in the first degree.

In *Commonwealth v. Homeyer*, 373 Pa. 150, 94 A. 2d 743, the head of Anna Homeyer, which was severed from her body and encased in concrete, was found in the cellar of defendant's home. We held that that was sufficient evidence without any confession and without any further evidence of the corpus delicti. The Court said (pages 156, 157) :

". . . The Commonwealth in such a case, in order to establish the corpus delicti, must prove (1) that the alleged victim is dead, and (2) that the death occurred as a result of a felonious act. The corpus delicti, like other facts, may be shown by circumstantial evidence; it is sufficient if these circumstances are consistent with crime even though they are also consistent with suicide or accident; if it were otherwise it would be impossible in many cases, where there were no eye witnesses, to convict a criminal. Commonwealth v. Gardner, 282 Pa. 458, 128 A. 87; Commonwealth v. Turza, 340 Pa. 128, 16 A. 2d 401; Commonwealth v. Johnson, 162 Pa. 63, 29 A. 280; Commonwealth v. Coontz, 288 Pa. 74, 135 A. 538; Commonwealth v. Bishop, 285 Pa. 49, 131 A. 657; Commonwealth v. Jones, 297 Pa. 326, 146 A. 905; Commonwealth v. Lettrich, 346 Pa. 497, 31 A. 2d 155.

"In the leading case of Commonwealth v. Gardner, 282 Pa., supra, the Court said (page 462) : 'In all criminal proceedings it is incumbent on the Commonwealth to establish beyond a reasonable doubt three elements: (1) the occurrence of an injury or loss,—in homicide, a person deceased; (2) a criminal agency,—in homicide, for example, that the death was caused by a beating, gunshot or circumstances indicating a felonious act (these two combined show a crime has been committed by someone) ; (3) that the defendant is the responsible party. Defendant contends that the crime for which he is charged was not committed . . . The person for whose death a prosecution is instituted may be alive, so evidence that he or she is in fact dead is imperative. As death may have resulted from a cause other than a felonious act, there must be evidence that it occurred under circumstances which point to the commission of a crime. In this manner the corpus delicti is shown. . . . 4 Wigmore, Evidence, 2d ed., sec. 2072, pp. 410, 412; Grant v. Com., 71 Pa. 495, 505; Johnson v. Com., 115 Pa. 369, 391; Cox v. Com., 125 Pa. 94, 102; Com. v. Bell, 164 Pa. 517; Com. v. Russogulo, 263 Pa. 93, 108. . . . It sometimes happens the circumstances attending the act may be consistent with crime, suicide or accident. In such cases, the corpus delicti is proven where the circumstances attending the death are consistent with crime, though they may also be consistent with accident (Commonwealth v. Johnson, 162 Pa. 63), or suicide (Zell v. Com., 94 Pa. 258), and it is not necessary to show by affirmative proof that the latter two possibilities do not exist before evidence as to who did the act is admitted: Com. v. Puglise, supra, 238.' "

There is no merit in the present petition.

Order affirmed.