J-S02020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HOWARD PORTER, | : | |
| | : | |
| Appellant. | : | No. 3978 EDA 2017 |

Appeal from the Judgment of Sentence, November 14, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0010487-2015.

BEFORE: GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED APRIL 11, 2019**

Howard Porter appeals from the judgment of sentence imposed following a non-jury trial on charges of indecent assault and unlawful contact with a minor.[1] Porter's counsel filed an application to withdraw as counsel based upon ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981) and its federal predecessor ***Anders v. California***, 386 U.S. 738 (1967). We conclude that Porter's counsel complied with the procedural requirements to withdraw. Further, after independently reviewing the record, we conclude that the appeal is wholly frivolous. We, therefore, grant counsel's application to withdraw and affirm Porter's judgment of sentence.

_____

[1] 18 Pa.C.S.A. § 3126 and 18 Pa.C.S.A. § 6318.

This case arose out of a complaint that Porter sexually assaulted a 14 year-old girl in her home in Philadelphia on August 9, 2015. Porter was arrested and charged with attempted rape (18 Pa.C.S.A. §§ 901 and 3121), unlawful contact with a minor (18 Pa.C.S.A. § 6318), unlawful restraint (18 Pa.C.S.A. § 2902), false imprisonment (18 Pa.C.S.A. § 2903), and indecent assault (18 Pa.C.S.A. § 3126).

Following a bench trial, the court found Porter guilty of unlawful contact with a minor and indecent assault. The trial court did not find Porter guilty of the remaining charges.

On November 14, 2017, the trial court imposed an aggregate sentence of incarceration of not less than eleven and one-half (11 ½) months, nor more than twenty-three (23) months, followed by a consecutive term of six (6) years of probation. Porter was subject to lifetime registration. Porter did not file a post-trial motion.[2]

Porter filed a timely notice of appeal on December 13, 2017. The trial court neither issued an order requiring a Pa.R.A.P. 1925(b) statement, nor filed a Pa.R.A.P. 1925(a) opinion. Porter's counsel filed a petition to withdraw from this appeal claiming that it is frivolous.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to

---

[2] The document titled "Motion for Reconsideration of Sentence" contained in the record was actually a motion to reconsider the grant of the Commonwealth's motion *in limine* to admit a prior bad act.

- 2 -

withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010). To determine whether it is appropriate for counsel to withdraw, we must first consider whether counsel satisfied certain procedural requirements.

In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court explained the required contents of an ***Anders*** brief:

> [T]he ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw . . . must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. "While the Supreme Court in ***Santiago***, set forth the new requirements for an ***Anders*** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in [***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa. Super. 2005)] that remain binding precedent". ***Daniels***, 999 A.2d at 594. Thus, counsel seeking to withdraw on direct appeal must satisfy the following obligations to his or her client:

> Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief.

- 3 -

***Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa. Super. 2014) (citation omitted). Our review reveals that Porter's counsel substantially complied with the technical requirements of ***Anders*** and ***Santiago***.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation omitted); ***Santiago***, 978 A.2d at 355 n.5. "In light of the constitutional rights at issue, we must give ***Anders*** a most generous reading and review 'the case' as presented in the entire record with consideration first of issues raised by counsel." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) (citing ***Anders***, 286 U.S. at 744). "[T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Id.*** 187 A.3d at 272. Thus, we now turn to the substantive requirement of this analysis.

Porter has raised the following issues on appeal:[3]

    1. Is the competent evidence of record legally sufficient to support the convictions in this matter?

---

[3] We have reordered Porter's issues for ease of disposition.

2. Was the verdict against the weight of the evidence to such a degree that it shocks one's conscience?

3. Was the sentence imposed upon [Porter] by the trial court manifestly excessive?

*See* Porter's Brief at 6.

First, we address Porter's sufficiency issue. Porter argues that the Commonwealth failed to present sufficient evidence to establish the elements of the crimes of indecent assault and unlawful contact with a minor. However, Porter does not specify which elements the Commonwealth failed to establish. This Court has held that where an appellant fails to specify "the element or elements upon which the evidence was insufficient[,]" his sufficiency challenge is waived. *See Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008). Accordingly, Porter waived this issue. However, even if we were to consider the merits of this issue, we would conclude that the evidence was sufficient to prove the offenses of indecent assault and unlawful contact with a minor.

The evidence in this case was sufficient to establish the offense of indecent assault. A person is guilty of indecent assault under 18 Pa.C.S.A. section 3126(a)(1) if he has "indecent contact with the complainant" and does so without the complainant's consent." 18 Pa.C.S.A. § 3126. Indecent contact includes "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101.

Here, the complainant testified that Porter kissed her on her neck from behind without her consent. Although the complainant told Porter to stop and pushed him away, he pulled on her waist, reached under her clothing, and grabbed her breast. Again, she pushed Porter away, but he undid her pants and attempted to reach into her pants. The complainant again pushed Porter away and tried to leave, but he grabbed and pulled her onto a mattress and onto his lap. Porter only stopped when his brother approached them. The DNA evidence corroborated the victim's testimony that Porter grabbed her around her waist.

The evidence also was sufficient to prove unlawful contact with a minor. Under 18 Pa.C.S.A. section 6318(a)(1), a person commits unlawful contact "if he is intentionally in contact with a minor . . . for the purpose of engaging in an activity prohibited under any of the [offenses enumerated in Chapter 31 (relating to sexual offenses)] . . . ." 18 Pa.C.S.A. § 6318. Indecent assault is one of the included offenses. Although the statute is titled 'unlawful contact with a minor,' it is best understood as 'unlawful *communication* with a minor.'" **Commonwealth v. Rose**, 960 A.2d 49, 152 (Pa. Super. 2009) (emphasis added). By its plain terms, the statute prohibits *communication* with a minor for the purpose of carrying out certain sex acts, including indecent assault. *Id.*; 18 Pa.C.S.A. § 3126.

Here, the victim testified that Porter told the victim she had "gotten big" and was "grown" now. Porter told her to "spin around" and she complied.

Porter then lured her into the basement by asking her to help him find a tool. Once they were in the basement, Porter assaulted the victim.

Based upon the foregoing, we conclude that the evidence, as well as all reasonable inferences drawn therefrom viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to sustain Porter's conviction of indecent assault and unlawful contact with a minor.

Next, we address Porter's weight claim. Initially, we note that a claim that the verdict is against the weight of the evidence must be raised with the trial judge in a motion for a new trial by one of the following methods: 1) orally, on the record, at any time before sentencing, 2) by written motion at any time before sentencing; or 3) in a post-sentence motion. Pa.R.CrimP. 607. Failure to do so results in waiver. **Commonwealth v. Bryant**, 57 A.3d 191, 196 (Pa. Super. 2012). Our review of the record reveals that Porter did not raise his weight claim with the trial court prior to sentencing or in a post-sentence motion. The trial court was never given the opportunity to provide Porter with relief. **See Commonwealth v. Thompson**, 93 A.2d 478, 490-91 (Pa. Super. 2014). Accordingly, Porter waived this issue.

Lastly, we address Porter's sentencing claim. Porter argues that his sentence was unreasonably excessive, but does not specify why. When an issue is not developed, it will be deemed waived. **Commonwealth v. A.W. Robl Transport.**, 747 A.2d 400, 405 (Pa. Super. 2000). Moreover, this court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S. § 9781(b)].

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Here, Porter did not file a post-sentence motion and therefore did not preserve his sentencing issue for appeal.[4] Accordingly, Porter waived this issue. However, even if we were to consider the merits of this claim, we would conclude that the trial court did not abuse its discretion in sentencing Porter.

"Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion, which in this context, is not shown merely to be an error in judgment; rather the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Shull*, 148 A.3d 820 (Pa. Super. 2016).

---

[4] We also note that Porter did not include a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). "Where an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review." *Commonwealth v. Montgomery*, 861 A.2d 304, 308 (Pa. Super. 2004). However, where counsel has filed an *Anders* brief, this Court has reviewed discretionary sentencing claims, even absent a separate Pa.R.A.P. 2119(f) statement. *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015).

At the sentencing hearing, the parties agreed that the standard range for unlawful contact with a minor is six (6) to fourteen (14) months plus-or-minus six months. For this offense the trial court imposed a term of incarceration of not less than eleven and one-half (11 ½) months, nor more than twenty-three (23) months, followed by a consecutive term of four (4) years of probation. The maximum term of incarceration for unlawful contact alone is seven (7) years. The sentence imposed by the trial court for this offense was well within that range.

Additionally, the trial court ordered two (2) years of probation for the offense of indecent assault. The maximum sentence for this misdemeanor of the second degree is two (2) years of imprisonment. Again, the two years of probation imposed by the trial court was well within this limitation. Moreover, Porter was paroled immediately.

In rendering this sentence, the trial court considered Porter's presentence report, prior criminal record, work history, educational history, familial responsibilities and support, prior response to rehabilitative attempts, the testimony from the victim's mother, Porter's allocution, and the arguments of counsel. N.T. Sentencing Hearing, 11/14/17, at 4-23. Our review of the sentencing transcript shows that the trial court gave thoughtful consideration to Porter's sentence given all of the factors in this case. Therefore, we conclude that the trial court did not abuse its discretion when it imposed Porter's sentence.

For the foregoing reasons, we conclude that the issues raised in counsel's **Anders** brief are wholly frivolous. Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merits exists. **Dempster, supra**. Therefore, we grant counsel's request to withdraw. Moreover, having determined that the issues raised on appeal are wholly frivolous, we affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

PJE Gantman joins this Memorandum.

PJE Ford Elliott concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/19