J-S37019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES YATES, | : | |
| | : | |
| Appellant. | : | No. 1062 EDA 2018 |

Appeal from the Judgment of Sentence, December 9, 2016,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0011630-2013.

BEFORE:  BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:          **FILED AUGUST 21, 2019**

James Yates appeals from the judgment of sentence entered following a bench trial on the charge of possession of firearm prohibited.[1]  After careful review, we affirm.

On July 3, 2013, police arrested and charged Yates with numerous offenses stemming from a robbery and shooting incident.  Yates requested that the charge of possession of firearm prohibited be decided by the judge not the jury.  Following the trial on all charges, the jury found Yates not guilty of the remaining charges, but the trial court found Yates guilty of possession of firearm prohibited.  The trial court summarized the facts relating to this charge as follows:

---

[1] 18 Pa.C.S.A. § 6105(a).

On May 29, 2013, Police Officer George Fetters took a statement from Ms. Tanesha Wells initially in reference to [an unrelated matter]. During this interview, she began talking about a person by the name of James Yates []. She indicated that Yates had told her about a robbery that had occurred at a Chinese store around 5th and Somerset, on May 14th or 15th of 2013, and that it was posted on YouTube. She remembered the date because it was the day before her grandmother's funeral. Ms. Wells pulled up the YouTube posting of a robbery at Number One Chinese store, and identified Yates, her boyfriend, as the person in the video wearing a gray sweatshirt. Ms. Wells also recognized the other two people involved in the robbery as Chris and another person named "Reece."

With respect to the firearm in question, on June 8, 2013, Lieutenant Bullick received a call from Detective Sherwood, who said a credible informant had told him there was a man with a gun in the area of 10th and Dakota. Sherwood described the man as a black male wearing a red drawstring backpack. Bullick drove to the area of 10th and Dakota, and saw a man who fit the description wearing a red drawstring backpack. Bullick said to him, "Hey, bud, come here." and the man immediately ran away. Bullick identified Yates as that man. As Yates ran from the police, he discarded the red backpack between two cars. Bullick returned to look for the backpack a few minutes later, but it was not there.

About a month later, on July 3, 2013 around 7 p.m., police went to 3800 Archer Street in response to a call that a wanted man was there. When the police pulled up in front of the house, they saw Yates and Ms. Wells sitting on the front steps, eating water ice or ice cream. As soon as police exited their vehicle, Yates fled.

At trial, Detective Hagan testified that early the next morning, on July 4, 2013, Ms. Wells called him and said. "James is at the house and he had a red bag that he normally carries a gun in." In response, police went to the house, arriving at 6:15 a.m., where they recovered a red Temple University backpack. Inside the backpack they found a gun, blue jean shorts with a gray belt, black sweat shorts, a gray t-shirt, a white t-shirt, and a black t-shirt that said "A hood, a boy," two white socks, a brown baseball hat with green and red stripes, and a gray hooded sweatshirt.

Ms. Wells testified that Yates, her boyfriend at the time, lived at her house, and was there on the date when the gun was recovered. She testified that she told police they would find a

backpack under the couch with a gun and drugs, and that Yates had put it there.

Trial Court Opinion, 12/21/18, at 2-3 (citations omitted). Following his conviction, the court sentenced Yates to an aggregate sentence of 54 to 120 months of imprisonment.

Originally, no appeal was filed. However, after the PCRA court reinstated his appeal rights, Yates timely appealed. Both Yates and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Yates raises the following issues:

A. Was [Yates'] conviction against the weight of the evidence?

B. Did the Commonwealth prove beyond a reasonable doubt each element of the crime that [Yates] was convicted of (18 Pa.C.S.A. § 6105)?

Yates' Brief at 3.

First, we address Yates' weight claim. Initially, we note that a claim that the verdict is against the weight of the evidence must be raised with the trial court in a motion for a new trial by one of the following methods: 1) orally, on the record, at any time before sentencing, 2) by written motion at any time before sentencing; or 3) in a post-sentence motion. Pa.R.Crim.P. 607. Failure to preserve the claim results in waiver. *Commonwealth v. Bryant*, 57 A.3d 191, 196 (Pa. Super. 2012).

Our review of the record before us reveals that Yates did not raise his weight claim with the trial court prior to sentencing. He only challenged sufficiency of the evidence. He also did not raise a weight challenge in a post-

sentence or other motion. Thus, the trial court was never given the opportunity to provide Yates with relief. *See Commonwealth v. Thompson*, 93 A.2d 478, 490-91 (Pa. Super. 2014). Accordingly, Yates waived this issue.

Next, we address Yates' sufficiency claim. In reviewing a sufficiency claim, we must consider "whether the evidence admitted at trial, and all the reasonable inferences derived therefrom viewed in favor of the Commonwealth as verdict winner, supports the jury's finding of all the elements of the offense beyond a reasonable doubt." *Commonwealth v. Cash*, 137 A.3d 1262, 1269 (Pa. 2016) (citation omitted). "The trier of fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented. In doing so, the trier of fact is free to believe all, part, or none of the evidence." *Commonwealth v. Newton,* 994 A.2d 1127, 1131 (Pa. Super. 2010), *appeal denied,* 8 A.3d 898 (Pa. 2010) (citations omitted). "The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant." *Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013). Only "where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

To convict Yates on a charge of possession of firearm prohibited, the Commonwealth was required to show that he: 1) was previously convicted of an enumerated offense; and 2) possessed a firearm. ***See*** 18 Pa.C.S.A. § 6105. To establish the element of possession, this Court has held that "[p]ossession can be found by proving actual possession, constructive possession, or joint constructive possession." ***Commonwealth v. Parrish***, 191 A.3d 31, 36 (2018) (citation omitted).

As noted by the trial court, Yates does not dispute the first factor (previous conviction); he only disputes that the evidence was insufficient to establish that he possessed the firearm in question. Specifically, Yates argues that when contraband is found other than in one's physical possession, as it was here, the Commonwealth must be able to show constructive possession. Yates' Brief at 19-20. According to Yates, the Commonwealth failed to present sufficient evidence to establish that he had constructive possession of the firearm found at his girlfriend's house. ***Id.*** at 20. Instead, the evidence presented at trial demonstrated that Yates was unaware of the firearm, and he was not at his girlfriend's house the day the gun was found. The only evidence linking him to the gun was the testimony of his girlfriend, who was mad at him and called the police on him. ***Id.*** Thus, his conviction should be reversed. We disagree.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We

- 5 -

subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession **may be established by the totality of the circumstances**.

*Hopkins*, 67 A.3d at 820 (citations omitted) (emphasis added).

The trial court, in finding Yates guilty of possession of firearm prohibited, considered the totality of the circumstances in this case which established that Yates constructively possessed the firearm. The trial court explained:

This Court, the trier of fact in this matter, found Ms. Wells' testimony to be credible. Ms. Wells testified that Yates, her boyfriend at the time, lived at her house, and was there on the date when the gun was recovered. She testified that she told police they would find a backpack under the couch with a gun and drugs, and that Yates had put it there. Her demeanor leant further credibility to her testimony.

In addition to Ms. Wells' credible testimony, the Court credits the testimony of Lieutenant Bullick, and Detective Hagan, who linked Yates to the gun and the red drawstring backpack. On June 8, 2013, after receiving credible information that a black man with a gun was near 10th and Dakota and wearing a red drawstring backpack, Bullick drove to 10th and Dakota, where he saw Yates wearing a red drawstring backpack. As Yates fled, he discarded the backpack between two cars. Detective Hagan testified that Ms. Wells called him on July 4, and told him that James was at the house and he had a red bag that he normally carries a gun in. That same day, after obtaining permission to search her house, police recovered from under her couch a red Temple University duffel book bag that had a gun and some personal items inside.

Finally, the Court considered Yates' actions in twice fleeing upon sight of police officers. Flight does indicate consciousness of guilt, and a trial court may consider this as evidence, along with other proof, from which guilt may be inferred. Though flight in itself is not dispositive, a court can and should consider flight along with other proof. In this instance, when police approached him near 10th and Dakota on June 8, 2013, Yates fled, discarding a red drawstring backpack as he ran. Police had been responding to credible information that they would find a black man with a gun,

- 6 -

wearing a red drawstring backpack in the area of 10th and Dakota. Then, less than thirty days later, on July 3, 2013 around 7 p.m., police went to 3800 Archer Street in response to a call that a wanted man was there. Once again, as soon police arrived, Appellant, who was sitting on the front steps, immediately fled. The police recovered the gun from that address early the next morning.

The totality of Ms. Wells' credible testimony, combined with the testimony of several police officers, and Yates' action of twice fleeing upon sight of police, convinced the Court beyond a reasonable doubt that Yates possessed the firearm in question. Yates was seen wearing a red drawstring backpack by police, which he threw between two cars as he ran from police; he stayed at 3800 Archer Street, was seen there on July 3, the gun was found there early in the morning on July 4, and his girlfriend told police that he kept his gun in the red backpack, and they would find it under the couch, where they did in fact find it. These facts are sufficient to convince the court that Yates had the power to control the firearm, as well as the intent to control the firearm.

Trial Court Opinion, 12/21/18, at 5-7 (internal quotations and citations omitted).

Based upon our review of the record, and viewing the totality of the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court and conclude that there was sufficient evidence to prove beyond a reasonable doubt that Yates was in possession of the firearm prohibited. Therefore, no relief is warranted.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 8/21/2019*